[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10623
Non-Argument Calendar
_____

D.C. Docket No. 3:12-cv-00183-MCR-CJK

BAYOU LAWN & LANDSCAPE SERVICES,
CHAMBER OF COMMERCE OF THE UNITED STATES OF AMERICA,
NATIONAL HISPANIC LANDSCAPE ALLIANCE,
SILVICULTURAL MANAGEMENT ASSOCIATES INC.,
PROFESSIONAL LANDCARE NETWORK, et al.,

Plaintiffs - Appellees,

versus

SECRETARY, U.S. DEPARTMENT OF LABOR,
PORTIA WU,
In her official capacity as United States
Assistant Secretary of Labor,

Defendants - Appellants.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(November 5, 2015)

Before MARCUS, WILLIAM PRYOR, and MARTIN, Circuit Judges.

PER CURIAM:

In February 2012, the United States Department of Labor (DOL) issued a regulation related to the administration of the H-2B visa program. See Temporary Non-Agricultural Employment of H-2B Aliens in the United States, 77 Fed. Reg. 10,038 (Feb. 21, 2012). The H-2B program allows foreign nationals to enter the United States for temporary non-agricultural work. See 8 U.S.C. § 1101(a)(15)(H)(ii)(b). DOL's 2012 regulation altered how and when employers could hire and pay workers through the program. In April 2012, Plaintiffs-Appellees filed a lawsuit challenging DOL's authority to issue this regulation. In December 2014, the district court granted summary judgment against the government, holding that the United States Department of Homeland Security (DHS) had rulemaking authority in relation to the H-2B program and DOL did not. In so holding, the district court vacated the rule and permanently enjoined the government from enforcing it. The government filed this appeal.

The facts underlying the district court ruling have since changed. In April 2015, DOL and DHS jointly issued a new set of rules governing the H-2B program. See Temporary Non-Agricultural Employment of H-2B Aliens in the United States, 80 Fed. Reg. 24,042 (Apr. 29, 2015); Wage Methodology for the Temporary Non-Agricultural Employment H-2B Program, 80 Fed. Reg. 24,146-01

2

(Apr. 29, 2015).  These regulations, issued between the date on which the government filed its initial brief and the date the Plaintiffs-Appellees filed their response, superseded the 2012 rule challenged in this lawsuit.  Plaintiffs-Appellees acknowledge that the new regulations may have mooted their lawsuit.  They nonetheless suggest that these new regulations are also an invalid exercise of rulemaking authority, while at the same time recognizing that this question is not now before us.  The government filed a reply brief arguing the case should be dismissed as moot.

The new rules issued by DOL and DHS require us to address issues that the parties did not and could not have raised in the district court.  "By well settled convention, appellate courts generally will not consider an issue or theory that was not raised in the district court."  F.D.I.C. v. Verex Assur., Inc., 3 F.3d 391, 395 (11th Cir. 1993).  However, this convention normally applies to claims that could have been raised in earlier proceedings but were waived, whereas the mootness issue here could not have been presented in the district court.  And unlike the waiver rule, "mootness is jurisdictional."  Sierra Club v. E.P.A., 315 F.3d 1295, 1299 (11th Cir. 2002).  That being the case, we are certainly vested with the power to decide a case has become moot during the pendency of the appeal and dismiss it on that basis.  Indeed, once we conclude a case is moot, we not only have power to dismiss but an obligation to do so.  See id.

Here, we lack the benefit of the district court's reasoned consideration of whether the new regulations actually moot this proceeding or whether any exception to the mootness doctrine would allow a federal court to adjudicate some aspect of the case.  We vacate the district court's order and remand to allow the district court to decide in the first instance what effect the new rules have had on this case.

VACATED and REMANDED.